UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR J. PACE,<br>    Plaintiff<br><br>v.<br><br>TOWN OF ERVING,<br>BOARD OF SELECTMEN EUGENE M. KLEPADLO,<br>CHAIRMAN, ANDREW N. GOODWIN AND<br>JAMIE HACKETT, IN THEIR CAPACITY AS<br>MEMBERS OF THE BOARD,<br>    Defendants. | CIVIL ACTION<br>NO. 17-40079-TSH |

## MEMORANDUM OF DECISION AND ORDER
### March 12, 2018

### Background

Arthur J. Pace ("Pace" or "Plaintiff") has brought an action against the Town of Erving ("Erving"), and Eugene M. Klepadlo, Chairman, Andrew N. Goodwin and Jamie Hackett, in their capacities as members of the Erving Board of Selectmen alleging claims for violation of the Age Discrimination in Employment Act ("AEDA"), 29 U.S.C. §621 *et seq.* and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101 *et seq.* More specifically, Pace alleges that he was terminated from his position as Environmental Supervisor/Pretreatment Coordinator for the Town of Erving because of his age and/or disability. This Memorandum of Decision and Order addresses the Motion To Dismiss By The Defendants, Town Of Erving And

Board Of Selectmen Eugene M. Klepadlo And Andrew N. Goodwin (Docket No. 8). For the reasons set forth below, that motion is *allowed*, in part, and *denied*, in part.

## Standard of Review

To overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955 (2007). The plausibility of a claim is evaluated in a two-step process. *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). First, the court must separate the complaint's factual allegations, which must be accepted as true, from its conclusory legal allegations, which are not entitled to the presumption of truth. *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013); *Manning*, 725 F.3d at 43. Second, the court must accept the remaining factual allegations as true and decide if, drawing all reasonable inferences in the plaintiff's favor, they are sufficient to show an entitlement to relief. *Manning*, 725 F.3d at 43 The court draws on judicial experience and common sense in evaluating a complaint, but may not disregard factual allegations even if it seems that actual proof of any particular fact is improbable. *Iqbal*, 556 U.S. at 667, 129 S. Ct. 1949; *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955. A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Mitchell v. Mass. Dep't of Corr.*, 190 F. Supp.2d 204, 208 (D. Mass. 2002) (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974)).

## Facts

Defendants hired Plaintiff Pace for the newly created position of Environmental Supervisor/Pretreatment Coordinator in October 2007. On or about March 27, 2012, the

Defendant Selectmen voted to eliminate the title of Environmental Supervisor, and to fire Pace's from his job as Chief Operator. Pace was 57 at the time and was suffering from a rotator cuff injury to his shoulder which he had suffered at work.

On December 28, 2012 Pace filed a complaint ("MCAD Complaint") with the Massachusetts Commission Against Discrimination ("MCAD"), alleging that the Erving had terminated his employment based upon age discrimination, handicap discrimination and in retaliation for exercising his rights under Mass.Gen.L. ch. 152, the Massachusetts Workers Compensation Act. Pace's factual allegations were all against Erving and did not mention any member of the Board of Selectmen. The MCAD failed to conduct any investigation into Pace's claims until December 2015. On January 19, 2016, after reviewing documentation provided by Pace's attorney and conducting no further discovery, the MCAD issued it Investigative Disposition recommending a finding of lack of probable cause. The MCAD denied Pace's claim on the grounds that the Defendants had a valid reason for terminating him, *i.e.*, "budgetary restraints."

On or about February 1, 2016, the MCAD sent the parties a Dismissal and Notification of Rights, which advised Pace of his right to appeal its finding. Pace exercised his statutory right to appeal the dismissal of his MCAD Complaint, and requested a preliminary hearing. On June 14, 2016, a preliminary hearing was held at the offices of the MCAD, and on July 19, 2016, the Investigating Commissioner affirmed the dismissal of Pace's MCAD. On or about August 17, 2016, Pace filed a Petition for Judicial Review (the "Superior Court Complaint") in the Franklin (Mass.) Superior Court (the "Franklin Action"). Pace sought all of the damages alleged in the MCAD Complaint. He also expressly asked that the court "order that summary judgment enter for [him] as to all counts in his Complaint to the MCAD that Respondent Town of Erving did

3

unlawfully discriminate against [him] on the basis of age, handicap and retaliation when it terminated him on March 27, 2012," and asked for an evidentiary hearing as to damages. Thus, the claims in the Franklin Action included all of the claims in the MCAD Complaint, which included ADEA and the ADA.

On September 21, 2016, the Erving filed a Motion to Dismiss the Franklin Action. After a hearing on December 9, 2016, the Court allowed the Motion to Dismiss and entered judgment in favor of Erving. The action was essentially dismissed for lack of subject matter jurisdiction because the Pace was not appealing a "final decision" within the meaning of the statutory scheme.

On February 23, 2017, the United States Equal Employment Opportunity Commission issued and mailed to Pace a Notice of Dismissal of its companion case, together with A Notification of Right To Sue, Pace informing Pace of its action and providing him with a 90 day period in which to file suit based upon federal law in a court of competent jurisdiction. Pace never requested a right-to-sue letter from the EEOC or the MCAD at any time during the nearly four years this matter was pending before the MCAD, or after it was dismissed by the MCAD.

Pace had elected to file in the MCAD, rather than the EEOC.[1] In so doing, Plaintiff checked the box indicating the following:

> As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the

---

[1] In support of their motion to dismiss, the Defendants have relied on documentary evidence, copies of which are attached to their memorandum in support of their motion. Parties are generally barred from including extrinsic materials to support a Rule 12(b)(6) motion to dismiss. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see* Fed.R.Civ.P. 12(d)(if on motion under Rule 12(b)(6) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56). However, courts may consider those documents the authenticity of which are not in dispute, such as public records, or documents substantially incorporated into a complaint by reference. *Id.* at 3-4 (internal citations omitted). The documents, which Defendants have included with their motion, are incorporated into the Complaint by reference and/or constitute public records. Therefore, the Court may consider them in deciding this motion.

agency terminates its proceedings without issuing a final finding and
order, you will be contacted further by the Commission.

## Discussion

### Whether Pace states a Claim against the Individual Defendants for Violation of the ADA and ADEA

The ADEA generally prohibits an employer from discriminating against an employee over the age of 40. 29 U.S.C. §§ 623(a)(1), 631(a). The ADA prohibits covered employers from discriminating against a qualified individual with a disability. 42 U.S.C. § 12112(a). Defendants assert that Pace's ADA and ADEA claims against the individual members of the Erving Board of Selectmen are barred because individuals are not personally liable under these statutory schemes. Pace does not contest this aspect of the Defendants' motion to dismiss. Therefore, the ADA and ADEA claims against the individual members of the Erving Board of Directors are dismissed. *See Taite v. Bridgewater State Univ.,* 236 F. Supp. 3d 466, 476 n. 8 (D. Mass. 2017)(Even were service proper, ADEA claim would fail against defendant her in her individual capacity because there is no individual liability under ADEA); *Annobil v. Worcester Skilled Care Ctr., Inc.*, No. CIV.A. 11-40131-TSH, 2014 WL 4657295, at *10 (D. Mass. Sept. 10, 2014)(Like Title VII, individual liability does not exist under the ADA).

### Whether Pace's Action is Barred by the Doctrine of Res Judicata

Defendants further allege that Plaintiffs' claims are barred under the doctrine of *res judicata* because he has previously filed suit against them in the Massachusetts state court.

> Res judicata, also known as claim preclusion, makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action. Where, as here, a federal court is asked to determine the preclusive effect of a Massachusetts state court adjudication, the federal court applies the Massachusetts law of res judicata. Under Massachusetts law, res judicata requires: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits. Because claim preclusion is an affirmative

> defense, the party asserting it has the burden of establishing the facts necessary to support it. Thus, the defendants have the burden of establishing that all three elements are satisfied.

*Fernandes v. Quarry Hills Assocs., L.P.,* No. CIV.A. 09-11912-JGD, 2010 WL 5439785, at *5 (D. Mass. Dec. 28, 2010)(internal citations, internal quotation marks and alterations in original omitted). "[U]nder Massachusetts law an involuntary dismissal '*other than* a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits' for the purpose of res judicata.'" *In re Sonus Networks, Inc. S'holder Derivative Litig.*, 422 F. Supp. 2d 281, 289 (D. Mass. 2006), *aff'd sub nom. In re Sonus Networks, Inc, S'holder Derivative Litig.,* 499 F.3d 47 (1st Cir. 2007); *see also Integrated Techs. Ltd. v. Biochem Immunosystems, (U.S.) Inc.,* 2 F. Supp. 2d 97, 105 (D. Mass. 1998)(dismissal for lack of jurisdiction is not adjudication on merits for claim preclusion purposes and, therefore, would not preclude plaintiff from reasserting first claim in a different forum). The basic rule that dismissal for lack of subject-matter jurisdiction does not preclude a second action on the same claim is well settled. This means only that dismissal for lack of subject matter jurisdiction permits a second action on the same claim that corrects the deficiency found in the first action. This same rule also applies to dismissals that rest on matters closely related to jurisdiction, such as prior resort to an administrative agency. This is because jurisdictional dismissals ordinarily preclude any decision on the substance of the claims presented.

While the issue is not free from doubt, I read the state court opinion as dismissing Pace's action for lack of subject matter jurisdiction. Moreover, the Defendants have not provided any persuasive argument that the adjudication was actually one on the merits. For these reasons, I am denying Defendants' motion to dismiss on res judicata grounds. This does not bar the

Defendants from arguing other grounds for dismissal, including that this actions is barred by the doctrine of laches.

## Conclusion

The Motion To Dismiss By The Defendants, Town Of Erving And Board Of Selectmen Eugene M. Klepadlo And Andrew N. Goodwin (Docket No. 8) is ***granted***, in part, and ***denied*** in part, as provided in this Order.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE